## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Tammy T. Stewart | | CHAPTER 13 |
| Debtor | | |
| NATIONSTAR MORTGAGE, LLC | | |
| Movant | | |
| vs. | | NO. 13-12888 SR |
| Tammy T. Stewart | | |
| Debtor | | |
| Frederick L. Reigle Esq. | | 11 U.S.C. Section 362 |
| Trustee | | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on the Debtor's residence is **$3,880.22**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | December 2016 through February 2017 at $1,295.26 each |
| Post-Petition Suspense: | ($5.56) |
| **Total Post-Petition Arrears** | **$3,880.22** |

2. The Debtor shall cure said arrearages in the following manner;

a). Within ten (10) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include post-petition arrears in the amount of $3,880.22 along with pre-petition arrears.

b). Movant will file an Amended Proof of Claim in accordance with Debtor's Amended Chapter 13 Plan to include post-petition arrears in the amount of $3,880.22 along with pre-petition arrears.

c). Beginning March 2017, Debtor shall pay the present regular monthly payment of $1,295.26 on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), at the address below;

Nationstar Mortgage LLC, Attn: Bankruptcy Dept, 350 Highland Drive, Lewisville, TX 75067.

d). Maintenance of current monthly mortgage payments to the Moving Party thereafter.

3. Should debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: February 6, 2017

/s/ Denise Carlon, Esquire
Denise Carlon, Esquire
Attorneys for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 2/15/17

Zachary Perlick, Esq.
Attorney for Debtor

Date: 2/17/17

Frederick L. Reigle, Esquire
Chaper 13 Trustee

Approved by the Court this **1st** day of **March**, 2017. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Stephen Raslavich